[Cite as *Jones v. Jones*, 2014-Ohio-330.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MIAMI   COUNTY

JENNIFER N. JONES                          :
                                           :        Appellate Case No. 2013-CA-32
      Plaintiff-Appellee              :
                                           :        Trial Court Case No. 11-DR-94
v.                                         :
                                           :
RICHARD A. JONES                           :        (Civil Appeal from Common Pleas
                                           :         Court, Domestic Relations)
      Defendant-Appellant             :
                                           :

. . . . . . . . . . .

O P I N I O N

Rendered on the 31st day of January, 2014.

. . . . . . . . . . .

JOHN E. HEMM, Atty. Reg. #0021506, Dungan & LeFevre Co., L.P.A., 111 West Ash Street, Box 1529, Piqua, Ohio 45356
      Attorney for Plaintiff-Appellee

ANDREW D. LUCIA, Atty. Reg. #0067191, Post Office Box 122, Troy, Ohio 45373
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}   Defendant-appellant Richard A. Jones appeals from an order of the Miami County Common Pleas Court modifying his child support obligation to an amount in accordance

with the child support guidelines.  Mr. Jones contends that he is entitled to a downward deviation from the amount set by the guidelines.

{¶ 2}  We conclude that the trial court did not abuse its discretion with regard to the amount of child support.  Accordingly, the judgment of the trial court is Affirmed.

## I.  The Course of Proceedings

{¶ 3}  Jennifer and Richard Jones were married in 2003.  They have two minor children.  In 2011, Ms. Jones filed a petition for dissolution.  The parties entered into a separation agreement.  Ms. Jones was designated as the custodial and residential parent of the minor children.  The parties agreed that Mr. Jones would pay an amount of child support less than the amount specified by the Child Support Guidelines.[1]  The purpose of the agreed deviation was to permit Mr. Jones to "get re-established financially."  The agreement also stated that "[t]he parties further agree that after twelve (12) months the Wife can, if she so chooses, file a motion with the Court seeking a modification of child support to be consistent with the Supreme Court Guidelines, and that the passage of twelve (12) months will be considered a change of circumstances to allow said motion to be filed should she so choose."  A decree of dissolution, incorporating the separation agreement, was entered on April 13, 2011.

{¶ 4}  Almost two years later, in February 2013, Ms. Jones filed a motion for modification of child support.  A hearing was conducted in May 2013, following which the magistrate issued a decision setting Mr. Jones's monthly child support obligation at $319.24 per

---

[1]  At the time, Mr. Jones had a yearly income of $29,120 while Ms. Jones's income was $47,132.80.    Child support was set at $432 per month — $216 per child.

child, in accordance with the child support guidelines. Mr. Jones's objections to the decision were overruled, and the trial court adopted that decision as the order of the court. Mr. Jones appeals.

**II. The Trial Court Did Not Abuse its Discretion by Ending an Agreed Temporary Downward Deviation in Mr. Jones's Child Support Obligation and Setting Child Support in the Amount Specified by the Child Support Guidelines, as Expressly Contemplated by the Parties in their Separation Agreement Incorporated in the Dissolution Decree**

{¶ 5} Mr. Jones's sole assignment of error states as follows:

THE TRIAL COURT COMMITTED ABUSE OF DISCRETION AND PREJUDICIAL ERROR AS THE DECISION IS MANIFESTLY AGAINST THE WEIGHT OF THE EVIDENCE, THUS THEREBY ARBITRARY, UNREASONABLE, AND UNCONSCIONALBE [SIC].

{¶ 6} Mr. Jones contends that a modification of his support obligation is not appropriate, because there has been no showing of a change in circumstances with regard to his salary or the "fiscal disparity" between his income and that of Ms. Jones. He further argues that Ms. Jones has "experienced a significant increase in her standard of living because her live-in boyfriend earns income at a level comparable to [Ms. Jones], and by the testimony of [Ms. Jones], it is known that he makes substantial contributions to the household." Finally, he argues that the trial court awarded him two overnight visits with the children per week in addition to the standard visitation order, so that he incurs more costs of care than someone subject to the

standard order of visitation, which does not provide for overnights during the workweek. In short, he argues that the trial court should continue to deviate downward from the child support guidelines with regard to his support obligation.

{¶ 7} "In any action or proceeding in which the court determines the amount of child support that will be ordered to be paid pursuant to a child support order * * *, the amount of child support that would be payable under a child support order, as calculated pursuant to the basic child support schedule and applicable worksheet through the line establishing the actual annual obligation, is rebuttably presumed to be the correct amount of child support due."   R.C. 3119.03. However, "if, after considering the factors and criteria set forth in section 3119.23 of the Revised Code, the court determines that the amount calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, would be unjust or inappropriate and would not be in the best interest of the child[,]" the trial court may deviate from the guidelines.   The factors listed in R.C. 3119.23 include:

(A) Special and unusual needs of the children;

(B) Extraordinary obligations for minor children or obligations for handicapped children who are not stepchildren and who are not offspring from the marriage or relationship that is the basis of the immediate child support determination;

(C) Other court-ordered payments;

(D) Extended parenting time or extraordinary costs associated with parenting time, provided that this division does not authorize and shall not be construed as authorizing any deviation from the schedule and the applicable

worksheet, through the line establishing the actual annual obligation, or any escrowing, impoundment, or withholding of child support because of a denial of or interference with a right of parenting time granted by court order;

(E) The obligor obtaining additional employment after a child support order is issued in order to support a second family;

(F) The financial resources and the earning ability of the child;

(G) Disparity in income between parties or households;

(H) Benefits that either parent receives from remarriage or sharing living expenses with another person;

(I) The amount of federal, state, and local taxes actually paid or estimated to be paid by a parent or both of the parents;

(J) Significant in-kind contributions from a parent, including, but not limited to, direct payment for lessons, sports equipment, schooling, or clothing;

(K) The relative financial resources, other assets and resources, and needs of each parent;

(L) The standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married;

(M) The physical and emotional condition and needs of the child;

(N) The need and capacity of the child for an education and the educational opportunities that would have been available to the child had the circumstances requiring a court order for support not arisen;

(O) The responsibility of each parent for the support of others;

(P) Any other relevant factor.

{¶ 8}     During the hearing, the parties stipulated that Ms. Jones's current yearly income was $46,000 while Mr. Jones's income was $28,886.  The evidence showed that one of the children was having difficulty at school, which necessitated counseling, paid for by Ms. Jones.  Additionally, Ms. Jones was paying the sum of $1,000 per year for that child to attend a private school.  She testified that the other child would be attending the same school the following year and that she was not sure of the amount that would be charged for her tuition.  Ms. Jones was also paying for health insurance coverage for the children in the sum of $182 per month, as well as child-care costs of $449.32 per month.  She also pays the costs of extracurricular activities of the children.  Ms. Jones stated that her boyfriend resides with her and he contributes money to help pay for groceries and mortgage expenses.

{¶ 9}     Mr. Jones testified that he has was residing with his parents in their six-bedroom house and that he pays them $300 per month for rent.  Before then, he lived with a girlfriend.  He testified that he is supposed to pay any portion of his parents' electric bill over $300, but the bill had not gone over that amount since he had resided with them.  He testified that he had been paying child support for another child, not of this marriage, but that child would become emancipated the day after the hearing in this case.  Mr. Jones has visitation with the children from Tuesday after work until Thursday morning, as well as every other weekend.  He testified that he has spent about $150 on clothing for the children and that he purchased a sports helmet for his son.

{¶ 10}   We conclude that the trial court did not abuse its discretion in ordering that the

agreed temporary downward deviation be discontinued and setting child support in the amount specified by the guidelines. By virtue of the separation agreement incorporated in their dissolution decree, the parties agreed to a downward deviation from the child support amount specified by the guidelines for one year. They further agreed that child support could be modified after that time. Under these circumstances, continuing the downward deviation from the child support guidelines after a year had passed was not within the contemplation of the parties at the time of the decree.

{¶ 11} We also reject Mr. Jones's argument that a downward deviation is justified by his claim that Ms. Jones has seen an increase in her standard of living due to the fact that her boyfriend shares some household expenses. Mr. Jones lives with his parents. He did not submit any documentation regarding his income or expenses. He testified that he pays $300 per month as rent. The only other expense he testified to was a one-time $150 payment for clothes and an unknown amount for a sports helmet.[2] He testified that his parents work and that they receive income from a rental property. The magistrate noted that he, like Ms. Jones, pays 1.75% in local income tax. The evidence supports a finding that Mr. Jones also enjoys a subsidized standard of living, as a result of living with his parents.

---

[2] As previously noted, Mr. Jones apparently paid for child support and health insurance for another child, but that expense was not relevant, since the child became emancipated the day after the hearing.

{¶ 12}   Finally, both the magistrate and the trial court noted the fact that Mr. Jones enjoys two overnight visitations during the week, which is more than mandated in the standard visitation guidelines.   But Mr. Jones did not testify that this resulted in any extraordinary expenses.   The only expense he testified to was the one-time payment of $150 for clothing during the two years after the dissolution.   While it can be presumed that costs were incurred for feeding the children during the extra visitation, there is no evidence that this cost was borne by Mr. Jones, who did not claim to have expenses for groceries.[3]

{¶ 13}   A trial court's child-support modification is reviewed for an abuse of discretion. *Lenoir v. Paschal,* 2d Dist. Montgomery No. 23732, 2010-Ohio-2922,  ¶ 5.   Based upon this record, we conclude that the trial court did not act unreasonably, arbitrarily, or unconscionably by failing to continue the agreed temporary downward deviation in Mr. Jones' child support obligation from the amount specified by the Ohio child support guidelines.   Mr. Jones's only monthly expense, according to this record, consists of rent, in the amount of $300, paid to his parents.   He made no showing that a downward deviation from the child support guidelines is warranted.

{¶ 14}   Mr. Jones's sole assignment of error is overruled.

### III.   Conclusion

{¶ 15}   Mr. Jones's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

---

[3]   While the magistrate made a finding that Mr. Jones paid $100 per month for groceries, the record does not support that finding.    From the evidence in the record, it is possible that Mr. Jones's parents pay for the household groceries.

FROELICH, P.J., and DONOVAN, J., concur.


Copies mailed to:

John E. Hemm
Andrew D. Lucia
Hon. Robert J. Lindeman